THE PEOPLE, *ex rel.* Holdsworth and Poillon, *vs.* THE SUPERIOR COURT OF THE CITY OF NEW-YORK. (*a.*)

Where a suit is intended to be commenced by *the filing and service of a declaration*, and by *mistake*, it happens that the declaration is filed and the rule to plead entered in the clerk's office of a court *different* from that in which the subsequent proceedings are had, the court in which the subsequent proceedings are had *has not the power to grant an amendment* by permitting a declaration to be filed, and rule to plead to be entered, *nunc pro tunc.*

A *capias* tested out of term may be amended.

MOTION for peremptory *mandamus* on return of an alternative writ. *Dusenbury* and *Painter* employed an attorney to bring an action in the *superior court of the city of New-York*, against *Holdsworth* and *Poillon*. The [676] attorney prepared a declaration in assumpsit, and on the 6th of *June* last sent his clerk to file it in the clerk's office of that court, and enter a rule to plead; the clerk reported that he had done so, but by mistake he had in fact filed the declaration and entered the rule to plead in the clerk's office of *this court.* On the 10th June, a copy of the declaration and notice of rule to plead was served on the defendant *Holdsworth;* no copy was served on the defendant *Poillon.* The attorney believing everything regular, proceeded to judgment by default against the defendants, issued execution, and afterwards filed a creditor's bill. In *October*, the defendants having ascertained that the original declaration was not filed with the clerk of the superior court, gave notice of motion to set aside the whole proceedings as irregular and void. The plaintiffs, on proof of the mistake, and that it was not discovered until after receiving the defendants' papers, gave notice of motion for leave to amend. Both motions came on at the same time, and the superior court gave the plaintiffs leave to amend by filing the original declaration, and entering a rule to plead *nunc pro tunc* as of the 6th June, without costs; and they thereupon denied the defendants' motion, without costs. The defendants (who are the relators) ask a peremptory mandamus, requiring the superior court to vacate these orders and grant their motion.

*A. Taber*, for relators.

*S. Stevens*, contra.

*By the Court*, BRONSON, J. · If the superior court upon established principles had power to grant the amendment, the question was addressed to its sound discretion, and the decision will not be reviewed by mandamus; but if the amendment was not within the legal discretion of the court, it was improperly ordered, and the motion must be granted.

The plaintiffs did not proceed by *capias*, but by the *filing and service of a declaration.* To commence an action in that form, three things are necessary: 1. Filing a declaration in the office of the clerk of the court in which the pro- [677] ceeding is to be had. 2. Entering a rule in the minutes of the clerk, requiring the defendant to plead to the declaration according to the practice of the court. 3. Serving a copy of the declaration and notice of the rule on the defendant personally. When this has been done, upon due proof of the service of the declaration on the defendant, his appearance may be entered in the same manner as if it had been endorsed on a capias. A default for not pleading may be entered, and the plaintiff may proceed to judgment in the same manner as though the defendant had appeared. (2 *R. S.* 347, § 1, 2.) The plaintiffs intended to commence an action in the superior court, but, by an unfortunate mistake, they entirely failed of accomplishing the object. The very first step in the process—the foundation of the whole proceeding, was wanting. No declaration was filed in that court. The defendants did not appear voluntarily, and there was no

---

(*a*) Decided May term, 1837. Whether, since the case of THE JUDGES OF THE ONEIDA C. P. v. THE PEOPLE, *ex rel. Savage*, decided in the court for the correction of errors, in December, 1837, *ante*, 79, *et seq.*, the supreme court would interfere by *mandamus* in a case like this, *quære*

authority to enter an appearance for them. They were not in court. There was no action pending, and the whole proceeding was irregular. If the judgment was not absolutely void, it was, I think, beyond the power of amendment, without the consent of the parties.

Amendments in furtherance of justice should be liberally granted; but the courts have never gone so far as to supply an original defect like the one under consideration. There is some analogy between this case and an action commenced by capias returnable out of term, or where a term intervenes between the teste and return of the writ. It has been uniformly held that the capias was a nullity, and could not be amended. (*Bunn* v. *King*, 2 *Johns. R.* 190; *Burk* v. *Barnard*, 4 *id.* 309; *Miller* v. *Gregory*, 4 *Cowen*, 504.) It was formerly decided that a capias *tested* out of term, could not be amended. (*Chandler* v. *Brecknell*, 4 *Cowen*, 49.) But it has recently been held otherwise.

The cases of *Chichester* v. *Cande*, (3 *Cowen*, 39,) and *Hart* v. *Reynolds*, (*id.* 42, note,) go very far in allowing amendments. Indeed, in the principal case, [678] the court professed to go to the utmost limits of its power. The plaintiffs attempted to perfect judgment on a bond and warrant of attorney; but the papers, which were sent by mail, miscarried, and did not reach the clerk's office. The plaintiffs were afterwards allowed to file the papers *nunc pro tunc*. In *Hart* v. *Reynolds*, the plaintiff, in perfecting judgment on a bond and warrant of attorney, inserted by mistake the name of *Elisha* instead of *John* Reynolds in the record and other proceedings; and he was permitted to amend, by substituting the true name: the defendant consented to the amendment, and the controversy was between the plaintiff and other creditors. In both of these cases, the defendant had agreed by the warrant that an attorney should appear for him and confess judgment. In *Close* v. *Gillespie*, (3 *Johns. R.* 526,) there was also a warrant of attorney. But in the case under consideration, the relators had neither appeared, nor had they authorized any person to appear for them. They were not in court, nor were they under any legal obligation to submit to its jurisdiction. The incipient proceedings, which would have warranted the entry of their appearance, had never been taken. The court exceeded its authority in allowing the amendment.  Motion granted.